Filed 11/4/25  P. v. Anderson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEITH ANDERSON,<br><br>        Defendant and Appellant. | D083976<br><br><br><br>(Super. Ct. No. SCD298789) |

APPEAL from an order of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Affirmed.

Aude Ruffing and Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

Keith Anderson pleaded guilty to two counts of felony hit and run with injury, in violation of Vehicle Code section 20001, subdivision (a), and an unrelated count. The trial court sentenced him to two years formal probation with various terms and conditions, including victim restitution in an amount to be determined.

On appeal, Anderson contends the trial court abused its discretion when it ordered him to pay victim restitution for losses incurred as a result of the underlying collision, where restitution should have been limited to the damages caused by his act of fleeing. We find no abuse of discretion and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Anderson was driving down a residential block when he struck two pedestrians, K.G. and D.C. (collectively, the victims), standing on the driver-side of their parked vehicle. The collision left both victims with serious injuries that required extensive surgeries and hospitalization. Parts from Anderson's vehicle were recovered at the scene of the accident, and a nearby residence captured his departure on video. Four days later, an officer found his car and observed major collision damage, including what appeared to be flesh and blood on the front hood. A week after the accident, Anderson was located and arrested.

An amended complaint charged him with two counts of felony hit and run (Veh. Code, § 20001, subd. (a); counts 1 and 2) for the car accident and a third unrelated crime. Anderson pleaded guilty to all three counts with an indication from the court that it would consider all options, including probation. On the written plea form he admitted that he "drove a vehicle involved in an accident resulting in injury to two people" and "unlawfully failed to give my name, address and registration number of the vehicle and

2

render assistance to any injured person . . . ." His plea included both an agreement to pay "full restitution to all victims," as well as a standard *Harvey* waiver allowing the court to "consider [his] prior criminal history and the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."[1]

At the sentencing hearing, defense counsel requested the court grant Anderson probation. Although both the probation department and the prosecution recommended a prison term of four years and four months, the defense highlighted Anderson's willingness to pay victim restitution as a significant factor in support of the probation request.

The court ultimately determined this to be the sort of unusual case where justice would be better served by granting probation. Noting Anderson's remorse and willingness to comply with probation, the court also explained that it could not otherwise secure victim restitution—which it deemed an important objective of sentencing—unless Anderson could return to work. It then imposed two years of formal probation, with conditions that included 225 days in county jail and victim restitution in an amount to be determined. The judge also elected to strike all fines and fees, pointing to the payment of restitution as being more important. Neither party objected to the probation conditions.

Following a series of status hearings, the defense requested a restitution hearing to determine Anderson's liability for restitution under Vehicle Code section 20001, subdivision (a). Both parties submitted briefing in support of their respective positions on the issue. The prosecution sought victim restitution in the amounts of $87,852.61 and $78,108.21 for medical

---

[1]     See *People v. Harvey* (1979) 25 Cal.3d 754.

3

bills, damaged property, and lost income. In contrast, the defense requested that the court order no restitution at all.

At the restitution hearing, defense counsel argued that the court could not order the requested amounts without making findings as to liability, proximate cause, and contributory negligence, issues that should be resolved in a civil court. The court disagreed, noting that Anderson's responsibility for the accident was apparent from the facts. It went on to award victim restitution in the amounts requested.

## DISCUSSION

Anderson contends the trial court exceeded its authority by holding him responsible for the accident and ordering restitution for the losses incurred by the two victims. Focusing on the elements of the hit-and-run offense and the factual basis for his guilty plea, Anderson argues that he only admitted liability for fleeing the accident—not the accident itself—and there is no evidence the victims' injuries were exacerbated by his fleeing. The People disagree, claiming the court's award was permitted by Penal Code section 1203.1[2] and fully supported by the evidence.[3] We agree with the People.

---

[2] Undesignated statutory references are to the Penal Code.

[3] As a preliminary matter, we reject the People's contention that Anderson's appeal should be dismissed because it is really a disguised challenge to the validity of his plea and he obtained no certificate of probable cause. (See § 1237.5.) They assert that Anderson is really contesting the court's ability to award any restitution in this case, which was something he agreed to pay as part of his plea bargain. Although it was—or at least should have been—obvious that the victims' medical expenses would be the basis for any restitution claim, Anderson is not disputing the trial court's conceptual power to order restitution. Rather, he questions the specific categories of restitution that are appropriate in this case.

Our Supreme Court has previously addressed the proper scope of victim restitution orders for hit-and-run convictions in *People v. Carbajal* (1995) 10 Cal.4th 1114 (*Carbajal*) and *People v. Martinez* (2017) 2 Cal.5th 1093 (*Martinez*).  Although both cases concerned restitution for damages caused by underlying car accidents, the court reached two substantially different conclusions based on the underlying source of the restitution order.

In *Carbajal*, restitution was ordered *as a condition of probation under section 1203.1.*  (*Carbajal*, *supra*, 10 Cal.4th at p. 1119.)  The Supreme Court explained that "[p]robation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation."  (*Id*. at p. 1120.)  A trial court granting probation has broad discretion to impose conditions that foster rehabilitation and protect public safety so long as such conditions serve a purpose specified in section 1203.1.  (*Id*. at pp. 1120–1121.)  Restitution may be ordered for losses not necessarily caused by the criminal conduct underlying the conviction, including where the loss was caused by related conduct not resulting in a conviction and by conduct underlying dismissed, uncharged, and even acquitted counts.  (*Id*. at p. 1121.)  There is no requirement that it be "limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action."  (*Ibid*.)  The *Carbajal* court concluded that in a hit-and-run case, a trial court does not abuse its discretion when it orders the defendant to pay restitution for property damaged in the underlying accident as a condition of probation.  (*Id*. at pp. 1124–1125.)

In *Martinez*, a defendant sentenced to prison was ordered to pay restitution directly to the victim *as required by section 1202.4.*  (*Martinez*,

*supra*, 2 Cal.5th at pp. 1097–1098.) A court's ability to order restitution is far more limited in such circumstances, as section 1202.4 only "authorizes trial courts to order direct victim restitution for those losses incurred *as a result of the crime* of which the defendant was convicted." (*Id*. at p. 1101, italics added.) *Martinez* held that when a trial court issues a nonprobationary sentence in a hit-and-run case, it may only order direct victim restitution for losses incurred as a result of the defendant's unlawful flight from the scene of the accident. (*Id*. at p. 1103.)

Taken together, *Carbajal* and *Martinez* indicate that the limitations of section 1202.4 do not apply to restitution orders where probation is granted. (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1050.) To be sure, the court in this case did not explicitly state whether it was imposing restitution under section 1203.1 or 1202.4. But in referencing its "broad" authority to impose restitution, it is apparent that restitution was ordered as a condition of Anderson's probation under section 1203.1. (See *Carbajal, supra*, 10 Cal.4th at p. 1120 ["In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety"].) Even assuming the record was ambiguous on this point, we would presume the trial court knew and applied the law correctly. (See *People v. Sangani* (1994) 22 Cal.App.4th 1120, 1138; see also *People v. Koontzy* (2024) 102 Cal.App.5th 268, 276–277, 280 [because restitution for collision damages could not be imposed under § 1202.4, it was necessarily ordered as a probation condition under § 1203.1].) Accordingly, it is *Carbajal* that principally guides our review.

Anderson first argues that the trial court exceeded its authority by conducting impermissible factfinding to determine who was at fault for the accident. By concluding he was responsible for causing the collision with the

victims and ordering restitution on that basis, Anderson claims the trial court improperly imposed civil liability for the accident and violated his right to due process.

Carbajal expressly rejects the notion that restitution as a condition of probation can only be ordered in amounts that were directly caused by the defendant's criminal conduct. (*Carbajal, supra*, 10 Cal.4th at p. 1122 [§ 1203.1 gives the trial court discretion "to order restitution as a condition of probation where the victim's loss was not the result of the crime underlying the defendant's conviction"].) Moreover, where relevant factual questions concerning restitution are not resolved by the defendant's conviction itself, nothing precludes the trial court from conducting a hearing and making additional factual findings that relate to the defendant's conduct. For instance, in *People v. Lent* (1975) 15 Cal.3d 481, the Supreme Court considered a restitution order that included amounts attributable to a charge of which the defendant was acquitted. Although "[o]rdinarily" it could not rely on items of loss related to charges of which the defendant was found not guilty, in that case restitution was only ordered after the trial judge conducted a two-day court hearing at which he found that the defendant perjured himself during his trial and was in fact responsible for the full amount lost. (*Id.* at p. 487.) The Supreme Court determined that under these circumstances, the restitution order was proper. (*Ibid.*)

The facts of this case fall well within the general rule that permits the court to order restitution as a condition of probation based on "related conduct not resulting in a conviction." (*Carbajal*, *supra*, 10 Cal.4th at p. 1121.) That is especially true here, where Anderson's plea agreement included a *Harvey* waiver that permitted the court to consider "the entire

7

factual background of the case" when it determined restitution.[4] The evidence before the court showed that Anderson suffered from a mental health crisis impacting his judgment; the victims' car was legally parked and no one was inside when the collision happened; and his vehicle was located shortly after with considerable damage including flesh and blood on the front hood.

Nor is Anderson correct that his due process rights were violated when the court made additional factual findings to support the restitution order. The scope of a defendant's due process rights at a hearing to determine restitution is limited—so long as defendants are given notice of the amount requested and have an opportunity to challenge the amount and present evidence rebutting their liability, their rights are considered protected. (*People v. Baumann* (1985) 176 Cal.App.3d 67, 79–80.) Due process does not require that the narrow constraints of courtroom evidence rules apply when determining victim restitution. Instead, sentencing judges have virtually

---

[4] In both the trial court and this court, Anderson emphasizes *People v. Escobar* (1991) 235 Cal.App.3d 1504 (*Escobar*), a case in which the defendant was similarly convicted under Vehicle Code section 20001, subdivision (a) and ordered to pay restitution as a condition of probation. According to Anderson, *Escobar* holds "a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct." (*Id.* at p. 1511.) *Escobar* gives no indication that the defendant in that case executed a *Harvey* waiver in conjunction with his plea. In any event, *Escobar* relied on the reasoning in *People v. Richards* (1976) 17 Cal.3d 614, 620, but *Richards* was both distinguished and disapproved in *Carbajal, supra*, 10 Cal.4th at page 1126.

unlimited discretion as to the kind of information they can consider.[5] (*People v. Prosser* (2007) 157 Cal.App.4th 682, 692.) This includes evidence that would otherwise be inadmissible on the issue of guilt. (*Baumann*, at p. 81.) "The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*Holmberg, supra*, 195 Cal.App.4th at p. 1319.)

Here, Anderson had ample notice of the claimed restitution and was provided a full opportunity to challenge the order. At sentencing, the court repeatedly specified it expected restitution to be significant. Multiple restitution hearings were continued to allow each party additional time to prepare and review the specific amounts requested. The court ultimately granted Anderson a full hearing on the issue of restitution to address whether he could be ordered to pay for damages stemming from the accident.

Finally, the restitution order would have been proper even without a specific factual finding that Anderson caused the accident. Generally speaking, we review probation conditions for abuse of discretion and will only invalidate a condition if, under all the circumstances, it is arbitrary, capricious, and unreasonable. (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

---

[5] Anderson cites *People v. Holmberg* (2011)195 Cal.App.4th 1310, 1320 (*Holmberg*) for the proposition that the trial court can "only consider hearsay, including 'the probation report,' to inquire about the financial value of the economic losses." But *Holmberg* does not discuss hearsay generally or make any such categorical assertion; it merely quotes *People v. Keichler* (2005) 129 Cal.App.4th 1039 at page 1048 for the principle that " ' "a hearing to establish the amount of restitution does not require the formalities of other phases of a criminal prosecution. [Citation.] When the probation report includes information on the amount of the victim's loss and a recommendation as to the amount of restitution, the defendant must come forward with contrary information to challenge that amount." ' " (*Holmberg, supra*, 195 Cal.App.4th at p. 1320.)

A condition of probation will not be deemed invalid unless it has no relationship to the convicted crime, relates to conduct, which is not in itself criminal, and requires or forbids conduct not reasonably related to future criminality. (*Lent, supra*, 15 Cal.3d at p. 486.) All three prongs must be satisfied to warrant reversal. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

The restitution order in this case is reasonably related to the convicted crime. Vehicle Code section 20001 aims to prevent drivers involved in injury-causing accidents from leaving victims in danger and attempting to avoid criminal or civil liability for the accident by not identifying themselves. (*Escobar, supra*, 235 Cal.App.3d at p. 1510.) Although it is true that no further physical injuries were caused by Anderson's failure to identify himself, by unlawfully fleeing the scene of the collision before it could be investigated he materially interfered with the victims' right "to have responsibility for the accident adjudicated in an orderly way according to the rules of law." (*Carbajal, supra*, 10 Cal.4th at p. 1124.)

## DISPOSITION

The restitution order is affirmed.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

10